## G. E. SMITHIES *v.* D. L. CONKLING, TREASURER OF THE TERRITORY OF HAWAII.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

ARGUED NOVEMBER 6, 1911.          DECIDED NOVEMBER 9, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

STATUTES—*construction of.*

> Under Act 143 of the Session Laws of 1911, merchandise license fees paid after June 14, 1900, for annual licenses bearing date anterior to the date mentioned are to be refunded only as to a portion corresponding to the fractional part of the year which remained unexpired on that date.

OPINION OF THE COURT BY ROBERTSON, C.J.

After the opinion of this court was rendered in the case of *Smithies* v. *Conkling,* ante, p. 600, the parties filed a supplemental statement of facts upon which the judgment of this court is asked. It is now made to appear that of the claims presented by Smithies mentioned in the former opinion, some of them were for license fees paid after June 14, 1900, for one year in advance for licenses bearing date anterior to the date mentioned. On behalf of the plaintiff it is contended that the amount of such fees should be repaid in full on the ground that, having been collected after the license act became inoperative, the collection of such fees was wrongful notwithstanding that they

were due and payable before that date. Counsel also claim that the question now presented was disposed of in our former opinion.

The point raised by the supplemental statement of facts was not presented by anything contained in the original submission. The language of the opinion must of course be understood to have had reference to the facts then before the court. Nothing contained in the opinion rendered was intended to apply to the situation now presented. The argument put forth to the effect that the collection of these fees must be regarded as wrongful because at the time of their payment the license law was invalid and the payment of them could not then have been legally enforced, encounters the stubborn fact that the payments were made to the treasurer without protest. If we were dealing with strictly legal rights the plaintiff would meet the apparently insurmountable obstacle that his assignors had paid the license fees voluntarily. But Act 143 of the Laws of 1911 was passed for the purpose of discharging the moral obligation which the legislature felt was owing to the claimants by reason of their having been required to pay license fees for which the government gave them nothing in return. The failure of the *quid pro quo,* however, did not occur till June 14, 1900, up to which date the license holders received what they paid for, and though the payments referred to in the supplemental submission were not made until after the 14th of June there is certainly a moral obligation owing by them to the government to the extent of benefits received. We think it is within both the spirit and letter of the statute to regard the amounts paid for license fees for annual periods which overlapped the 14th of June, 1900, as divisible, and to consider so much of those fees as were earned, so to speak, before that date as not wrongfully collected. We hold, therefore, that the plaintiff is not entitled to the repayment of the fees referred to in full, but that the government is entitled to retain such proportion of each fee paid as will correspond with the fraction of a year covered by the period

from the date of the license to June 14, 1900. These amounts aggregate, according to the agreed statement of facts, the sum of $223.45.

Judgment will be entered for the amount due the plaintiff according to the principles laid down in the former opinion and the present opinion.

*A. A. Wilder* and *A. L. C. Atkinson* (*Thompson, Wilder, Watson & Lymer* on the brief) for plaintiff.

*E. W. Sutton, Deputy Attorney-General,* for defendant.